Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

**Leonard Peña (State Bar No. 1929898)**
**PEÑA & SOMA, APC**
**402 South Marengo Ave., Suite B**
**Pasadena, CA 91101**
**626-396-4000 Fax: 213-291-9102**
State Bar Number: **192898**
**lpena@penalaw.com**

☐ *Debtor(s) appearing without an attorney*
☑ *Attorney for: Debtors and Debtors In Possessions*

FOR COURT USE ONLY

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

In re:

THE LITTLE SAIGON NEWS INCORPORATED,

      Debtor and
      Debtor in Possession,

_____

In re:

Brigitte Laure Huynh,

      Debtor and
      Debtor in Possession.

_____

X Affects Both Debtors

_ Affects The Little Saigon
  News Incorporated Only

_ Affects Brigitte Laure Huynh Only
      Debtors and
      Debtors in Possession.

Debtor(s)

Lead Case No.: 8:15-bk-11875 MW
Chapter 11 Cases

Jointly administered with:
Case No. 8:15-bk-11876 MW

**NOTICE OF MOTION FOR ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o)**

[No hearing unless requested in writing]

## TO THE U.S. TRUSTEE AND ALL PARTIES IN INTEREST. PLEASE TAKE NOTICE THAT:

1. Movant(s) **Debtors Little Saigon News Incorporated and Brigitte Laure Huynh** , has filed a motion entitled **DEBTORS AND DEBTORS IN POSSESSIONS' APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY SANLI PASTORE & HILL TO PROVIDE VALUATION SERVICES TO THE DEBTORS**_____.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

2.  Movant(s) is requesting that the court grant the motion without a hearing, as provided for in LBR 9013-1(o).

3.  The motion is based upon the legal and factual grounds set forth in the Motion and briefly described in the attached description of relief sought. *(Check appropriate box below):*

☑ The full motion is attached hereto; or
☐ The full motion has been filed with the court, and a detailed description of the relief sought is attached hereto

4.  **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party objecting to the motion may request a hearing on the motion. The deadline for filing and serving a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P.5(b)(2)(D), (E), or (F). If you fail to comply with this deadline, the court may treat such failure as a waiver of your right to oppose the motion and may grant the motion without further hearing and notice.


Date: **September 2, 2015**                              Respectfully submitted,

                                                         /S/ LEONARD PENA
                                                         Signature of Movant or attorney for Movant

                                                         LEONARD PENA
                                                         Printed name of Movant or attorney for Movant

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                   Page 2                   **F 9013-1.2.NO.HEARING.NOTICE**

LEONARD PEÑA (State Bar No. 192898)
lpena@penalaw.com
PEÑA & SOMA, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101
Telephone (626) 396-4000
Facsimile (213) 291-9102

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE LITTLE SAIGON NEWS INCORPORATED,<br><br>        Debtor and<br>        Debtor in Possession,<br>_____<br>In re:<br><br>Brigitte Laure Huynh,<br><br>        Debtor and<br>        Debtor in Possession.<br>_____<br>X Affects Both Debtors<br><br>_ Affects The Little Saigon<br>  News Incorporated Only<br><br>_ Affects Brigitte Laure Huynh<br>  Only<br>        Debtors and<br>        Debtors in<br>        Possession.<br>_____ | Lead Case No.: 8:15-bk-11875 MW<br><br>Chapter 11 Cases<br><br><br><br><br>Jointly administered with:<br><br>Case No. 8:15-bk-11876 MW<br><br>DEBTORS AND DEBTORS IN POSSESSIONS' APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY SANLI PASTORE & HILL TO PROVIDE VALUATION SERVICES TO THE DEBTORS<br><br><br><br>[NO HEARING SET/REQUIRED] |

1

The above-captioned Debtors and Debtors-in-Possession hereby submit this application (the "Application"), pursuant to Sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an Order authorizing the retention and employment of Sanli Pastore & Hill ("SP&H") to provide valuation and consulting services to the Debtors in these Chapter 11 cases. In further support of this Application, the Debtors submit the Affidavit of Thomas E. Pastore, a CEO of SP&H (the "Pastore Declaration") and Brigitte Laure Huynh ("Huynh Declaration").

In support of this Application, the Debtors respectfully represent as follows:

## **Jurisdiction**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## **Background**

2.    On April 13, 2015 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code.

3.    The Debtor The Little Saigon News Incorporated ("Little Saigon") is S-corporation formed under the law of the State of California.

4.    Debtor Brigitte Huynh ("Huynh") is an individual.

2

5.    Little Saigon is publisher of a weekly Vietnamese language magazine distributed nationwide.  Ms. Huynh is Little Saigon's CEO and Editor in Chief.

6.    The Debtors are continuing in possession of their property as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. The Debtors' cases were consolidated for administrative purposes only.

## Relief Requested

7.    By this Application, the Debtors seek authorization to employ and retain SP&H pursuant to Bankruptcy Code Sections 327(a) and 328(a), Bankruptcy Rule 2014(a), and the terms of that certain letter agreement, dated as of August 26, 2015, between SP&H and the Debtors (the "Agreement"), to provide valuation and consulting services to the. A copy of the Agreement is attached hereto as Exhibit "1".

8.    The services of SP&H are necessary in order to enable the Debtors to exercise their rights and discharge their duties as debtors-in-possession, and in particular, to allow the Debtors to successfully prepare, negotiate, and confirm a plan of reorganization. The Debtors seek approval of SP&H's fees and expenses in accordance with SP&H's standard hourly rates for engagements of this nature and its normal reimbursement policies for out-of-pocket expenses, subject to payment pursuant to applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders of this Court, including the filing fee applications.

/ / /

## SP&H's Qualifications

9.    SP&H is a provider of professional business valuation services to clients throughout the United States. SP&H delivers valuation and consulting services for assets in a wide range of industries including, but not limited to, the publishing industry. SP&H has significant experience providing services including financial valuation, machinery and equipment valuation, real estate valuation, and litigation support.

## Scope of SP&H's Services

10.    Subject to the Court's approval of this Application, and as more fully set forth in the Agreement, SP&H will render the following professional services:

(a)    determine the fair market value of the equity in Little Saigon and Huynh utilizing methods of valuation as may be appropriate under the circumstances;

(b)    provide a comprehensive expert report for such valuations if requested by the Debtors; and

(c)    upon request, provide expert testimony and litigation support services on valuation issues in connection with the Debtors' Chapter 11 cases.

## Compensation

11.    Pursuant to Section 328(a) of the Bankruptcy Code, the Debtors may retain SP&H on any reasonable terms and conditions. The Debtors have negotiated the terms of the Agreement with SP&H, which is an arms-length, commercially reasonable

4

agreement. The Debtors request approval of the terms of the Agreement, including the compensation provisions therein, pursuant to Section 328(a) of the Bankruptcy Code.

12.   Subject to the Court's approval of this Application and subject to applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders of this Court, SP&H shall be compensated under the Agreement based on its standard hourly rate not to exceed of $500.00. SP&H will also seek reimbursement of out-of-pocket expenses. SP&H will submit invoices to the Debtors on a monthly basis, which invoices shall be payable subject to approval by this Court.

13.   SP&H will also require a retainer of $6,000.00 which shall be paid to SP&H upon approval of this Application.

14.   SP&H expects that its fees and expenses associated with preparing a valuation report will not exceed $15,000.00 and by this Application the Debtors seek authority to pay SP&H up to $15,000.00 for this part of the assignment.

15.   Should SP&H's fees and expenses exceed $15,000.00, the Debtors seek authority from the Court to pay those fees and expenses as they are invoiced to the Debtors, but SP&H shall be required to file a fee application for final approval of the fees and expenses that exceed the $15,000.00.

### **Disinterestedness**

16.   SP&H has informed the Debtors that, except as described in the Pastore Declaration, SP&H has no material connection with the Debtors, their creditors, any other party in interest, their respective attorneys and accounts, the United

States Trustee, or any person employed in the office of the United States Trustee.

17.    Based on the Pastore Declaration and to the best of the Debtors' knowledge, information and belief, SP&H (i) does not hold or represent any interest adverse to the Debtors or their estates in the matters for which it is proposed to be retained, and (ii) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

18.    The Debtors do not believe that SP&H's representation of any other the parties in unrelated matters will impair SP&H's ability to perform valuation services for the Debtors in these cases.

19.    Furthermore, the Debtors submit that the employment of SP&H would be in the best interests of the Debtors, their estates, and their creditors.

## **Notice**

20.    Notice of this Application shall be given to the following parties or to their counsel, if known: (i) the Office of the United States Trustee, (ii) all known creditors and (iii) all other parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

/ / /

/ / /

/ / /

/ / /

6

1     **WHEREFORE**, the Debtors respectfully request that the Court

2 enter an Order granting the relief requested herein, and such

3 other and further relief as the Court deems just and proper.

4

5 DATED:  September 2 , 2015         PEÑA & SOMA, APC

6

7                          By _____

8                             LEONARD PEÑA
                            Attorneys for Debtors

9                             and Debtors in Possession

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF THOMAS E. PASTORE

I, Thomas E. Pastore, declare:

1. I am the Chief Executive Officer of Sanli Pastore & Hill ("SP&H"). I have personal knowledge of the facts described herein and, if called as a witness, I could and would testify competently thereto.

2. This declaration is submitted in support of the application (the "Application") of the Debtors in the above-captioned Chapter 11 cases for authorization to employ and retain SP&H provide valuation services and to apprise the Court of my qualifications and my firm's qualifications to rendered such services.

3. SP&H is a provider of professional business valuation services to clients throughout the United States. SP&H delivers valuation and consulting services for assets in a wide range of industries, including, but not limited to, the publishing industry. SP&H has significant experience providing services including financial valuation, machinery and equipment valuation, real estate valuation, and litigation support.

4. I am a member in good standing of American Society of Appraisers, Los Angeles Society of Financial Analysts and other similar organizations.

5. In addition, I am a Certified Public Accountant (inactive) and hold a Masters Degree In Business Administration.
6. I have been in involved in financial consulting for more than 25 years  and have prepared business appraisals for the many years and have consulted with business clients regarding acquisitions and dispositions for small business interests.

8

7.    I have served numerous times as an expert witness regarding business valuations and accounting related issues.

8.    Other than the initial communications between my firm and representatives of the Debtors with respect to the retention of my firm in these Chapter 11 cases, neither I nor, to the best of my knowledge, any other member or employee of my firm had any business, or other connection, with the Debtors, their attorneys, financial advisors, or any other party in interest.

9.    The Debtors have provided me with a list of all creditors of the Debtors and persons who may be parties-in-interest in connection with these Chapter 11 cases. SP&H ran a conflicts check based on that list and to the best of my knowledge, neither my firm nor any associate thereof has had any connection with the Debtors' creditors or any other party in interest

10.    I do not believe that there is any connection or interest (as such terms are used in Section 101(14)(C) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between SP&H or its employees and (i) the United States Trustee or any person employed by the Office of the United States Trustee, or (ii) any attorneys of creditors in this case.

11.    SP&H and its employees are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code:

(a) SP&H is not a creditor, an equity security holder, or an insider of the Debtors;

(b) SP&H is not and was not, within two years before the date of the commencement of these Chapter 11

9

cases, a director, officer, or employee of the

Debtors; and

(c) SP&H does not have an interest materially adverse

to the interest of the estate or of any class of

creditors or equity security holders, by reason of

any direct or indirect relationship to, connection

with, or interest in, the Debtors or for any other

reason.

12.  Insofar as I have been able to ascertain, SP&H does not

represent any entity having an adverse interest in connection

with these Chapter 11 cases. To the extent that I discover any

facts bearing on the matters described herein during the period

of SP&H's retention, I will supplement the information contained

in this declaration. SP&H does not, nor will it, represent an

entity directly adverse to the Debtors or their estates.

13.  Subject to the Court's approval, SP&H will render

services and charge for its services in accordance with the

letter agreement, dated August 26, 2015, between SP&H and the

Debtors (the "Agreement"), which is attached as Exhibit "1" to

the Application.

14.  SP&H's professional services will include:

(a)  determine the fair market value of the equity in

Little Saigon and Huynh utilizing such methods as may

be appropriate under the circumstances;

(b)  provide a comprehensive expert report for such

valuations if requested by the Debtors; and

(c)    upon request, provide expert testimony and litigation

support services on valuation issues in connection

with the Debtors' Chapter 11 cases.

15.    SP&H provide a comprehensive expert report for such valuation upon the Debtors' request.

16.    Furthermore, upon request, SP&H has agreed to provide expert testimony on valuation issues in connection with the Debtors' Chapter 11 cases.

17.    As more fully set forth in the Agreement, SP&H is willing to provide the aforementioned services and to receive compensation on an hourly basis that will no exceed an hourly rate of $500.00. SP&H will also seek reimbursement of its out-of-pocket expenses.

18.    SP&H will submit invoices to the Debtors on a monthly basis, which invoices shall be payable subject to approval by this Court.   SP&H will also require a retainer of $6,000.00 which shall be paid to SP&H upon approval of this Application.

19.    SP&H expects that its fees and expenses associated with preparing a valuation report will not exceed $15,000.00 and by this Application the Debtors seek authority to pay SP&H up to $15,000.00 for this part of the assignment.

20.    Should SP&H's fees and expenses exceed $15,000.00, I understand the Debtors seek authority from the Court to pay those fees and expenses as SP&H invoices those fees and expenses to the Debtors, but SP&H shall be required to file a fee application for final approval of the fees and expenses that exceed the $15,000.00.

21.   I understand that SP&H's compensation in these matters is subject to the approval of this Court and shall be in compliance with Bankruptcy Code Section 327 and 328, the Bankruptcy Rules, the Local Rules and any other procedures as may be fixed by the order of this Court for professional services rendered by SP&H.

22.   Neither I, nor SP&H has received or been promised any compensation for services rendered or to be rendered in any capacity in connection with these cases, other than as set forth herein and permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

23.   No agreement or understanding exists between SP&H and any other person for a division of compensation paid or to be paid for services rendered in these cases and no such division shall be made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _2_ day of September 2015, at Los Angeles, California.


                    _____

                    THOMAS E. PASTORE

## DECLARATION OF BRIGITTE LAURE HUYNH

I, Brigitte Laure Huynh, declare:

1.    I am the President and Chief Executive Officer of The Little Saigon News Incorporated ("Little Saigon").  I have personal knowledge of the facts described herein and, if called as a witness, I could and would testify competently thereto.

2.    My case and the case of Little Saigon were commenced on April 13, 2015 (the "Petition Date") by the filing of petitions for relief under Chapter 11 of the United States Bankruptcy Code.

3.    I offer this declaration in support of the application to employ Sanli Pastore & Hill ("SP&H") to provide valuation services to the Little Saigon and me.  These services are necessary so that we can begin to formulate a chapter 11 plan of reorganization that is based upon the value of the company's and my assets.

4.    I have read the application and to the best of my knowledge is true and correct.

5.    The scope of SP&H's services that will be provided to the Debtors is described in the letter agreement dated August 26, 2015 that I signed on behalf of both Debtors a true and correct copy of which is attached hereto as Exhibit "1".

6.    As more fully set forth in the Agreement, SP&H is willing to provide the aforementioned services and to receive compensation on an hourly basis that will no exceed an hourly rate of $500.00. SP&H will also seek reimbursement of its out-of-pocket expenses.

7.   SP&H will submit invoices to the Debtors on a monthly basis, which invoices shall be payable subject to approval by this Court.  SP&H will also require a retainer of $6,000.00 which shall be paid to SP&H upon approval of this Application.

8.   SP&H expects that its fees and expenses associated with preparing a valuation report will not exceed $15,000.00 and by this Application the Debtors seek authority to pay SP&H up to $15,000.00 for this part of the assignment.

9.   Should SP&H's fees and expenses exceed $15,000.00, I understand the Debtors seek authority from the Court to pay those fees and expenses as SP&H invoices those fees and expenses to the Debtors, but SP&H shall be required to file a fee application for final approval of the fees and expenses that exceed the $15,000.00.

10.   I intend to review any and all fee applications filed by Applicant and will object to any attorneys' fees and costs which appear to be inappropriate.

11.   I believe no conflict-of-interest exists between myself, Applicant and/or my creditors or the creditors of Little Saigon.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

14

1    12.    I respectfully request that the Court approve the

2  application as I believe that the application and the letter

3  agreement attached hereto as Exhibit "1" as is in the best

4  interest of the Debtors and their estates.

5     I declare under penalty of perjury under the laws of the

6  United States of America that the foregoing is true and correct.

7     Executed this ___1st___ day of ~~August~~ 2015, at Los Angeles,

8  California.                        September

9

10

11           BRIGITTE LAURE HUYNH

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "1"

*Business Valuations*
*Fairness Opinions*
*Solvency Opinions*
*Expert Testimony*
*Strategic Value Enhancement Consulting*[SM]



SANLI PASTORE
& HILL

*Los Angeles    Sacramento    San Diego    Chicago    Istanbul*

August 26, 2015

**VIA EMAIL: lpena@penalaw.com**

Mr. Leonard Peña
Attorney at Law
Peña & Soma, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101

        **RE:**     *Retainer Agreement for the Valuation of 100% Equity Interest in The Little Saigon News Incorporated*
                 *U.S. Bankruptcy Court Case Number: 15- BK - 11875*

Dear Mr. Peña:

This letter constitutes a retainer agreement ("Agreement") between The Little Saigon News Incorporated and Brigitte Huynh, both Chapter 11 debtors, ("Clients") on one hand, and Sanli Pastore & Hill, Inc. ("SP&H"), a California Corporation, on the other hand.

**I.**    **BUSINESS VALUATION**
    SP&H will perform a valuation of a 100% equity interest in The Little Saigon News Incorporated (the "Company"). SP&H will transmit its valuation in the form of a report ("Valuation Report") with supporting schedules. SP&H's work and reporting procedures will be in compliance with the applicable standards of the American Society of Appraisers, the Appraisal Foundation and U.S. Federal Bankruptcy Court. The date of value will be provided by Clients.

**II.**    **PURPOSE & FUNCTION**
    Purpose:  To determine the valuation of a 100% equity interest in the Company

    Function:  To provide information to be used in Bankruptcy Court.

    Date of Value:  To be provided by Clients.

    *The Valuation Report and any information provided to Clients by SP&H only may be used for the Purpose and Function indicated herein.*

**III.**    **SCOPE OF WORK**
    *Our work will include but not be limited to, the following procedures:*
- Review of the Company's operations;
- Review of relevant agreements for the Company;
- Review of financial information of the Company;

**Sanli Pastore & Hill, Inc.**
1990 South Bundy Drive, Suite 800
Los Angeles, California 90025
Telephone: 310/571-3400
Fax: 310/571-3420

Mr. Leonard Peña
*Valuation of 100% Equity Interest in The Little Saigon News Incorporated*
August 26, 2015
Page 2 of 7



- Review of market transactions, as available;
- Quantitative and qualitative industry, competitive, economic and market reviews;
- Valuation analyses relevant to the Company's common equity shares including valuation adjustments for control and marketability; if any;
- Computerized data searches and analysis;
- Analysis of other information collected and deemed relevant by SP&H;
- Analysis of other pertinent information provided by Company; and
- Preparation of a valuation report.

IV.   FEES & EXPENSES

    A.   *Report Section:*

SP&H's fee range to perform this assignment is $12,000 to $15,000. Turnaround time is 5 to 7 weeks for the Valuation Report assuming that all information requested is provided in a timely manner and that key members are reasonably available to answer questions.  This fee is based on the assumption that we do not encounter unforeseen circumstances and/or that we are not required to perform analyses and procedures that are beyond the scope of a regular business valuation assignment and that cannot be predicted as of the date of the Agreement.

For the above fee, SP&H will deliver the Clients one original narrative report in an electronic format. Print copies of our original reports can be furnished to Clients at an additional fee of $350 per report. To request additional copies, please write in the additional number of reports requested, initial and date:

Additional number of reports _____ x $350 per Narrative Report = $_____

    *Additional fee above and beyond the base fees as described above.

Our fees are payable as follows:

**i)**   $6,000 non-refundable retainer fee to be delivered with a signed copy of this Agreement to SP&H;

**ii)**   $3,000 second payment, payable approximately half way through the turnaround time; and

**iii)**   The remaining balance of SP&H's fees are due and payable in full prior to SP&H's release of the finalized report to Clients.[1]

SP&H's hourly billing rates applicable to report work are as follows:

| | |
|---|---|
| $500 | Messrs. Nevin Sanli and Thomas Pastore |
| $375 - $400 | Managers and Vice Presidents |
| $185 - $350 | Research Analysts and Financial Analysts |
| $145 | Interns |

---

[1]  If any payment is not received by SP&H within 10 days of the date of SP&H's invoice, Clients shall pay to SP&H a late charge of $50.00 for each calendar month in which all or any part of any payment remains outstanding and unpaid for more than 10 days after the date of SP&H's invoice.  The parties agree that this late charge represents a reasonable estimate of the damages, which SP&H will suffer as a result of such delinquency (other than interest and, in the event of legal action, attorney's fees, costs and administrative expenses).  Additionally, if any payment is not received by SP&H within 10 days of the date of SP&H's invoice, Clients shall pay to SP&H interest on the outstanding and unpaid amount, from the date due until paid, at the rate of 1-1/2% per month and any credits granted shall be revoked.

Mr. Leonard Peña
*Valuation of 100% Equity Interest in The Little Saigon News Incorporated*
August 26, 2015
Page 3 of 7



Payments should be sent to:       SPH
                                  P.O. Box 251845
                                  Los Angeles, CA 90025

In the event we must stop before completion, SP&H's hourly billing rates applicable to the Report Section are enclosed on the attached Addendum to this Agreement.  You hereby understand and agree that billing rates provided herein will be applicable until December 31, 2015 and after which, this Agreement is subject to an increase in our hourly rates every year.

**B.**     ***Post-Report Work:***
SP&H's hourly fees for post-report work, i.e. work that is above and beyond the scope of preparing the Valuation Report, range from $145 to $700 per hour <u>above and beyond the estimated fees quoted above</u>.

Post-report work can include, but is not limited to, such matters as attendance at meetings and communications with Clients or management relating to analyses of value or other matters <u>not associated</u> with information required to perform our narrative reports, attendance at additional meetings and consultations with Clients or management of the Clients, review of other appraiser's reports, attendance at negotiations, audit hearings, testimony in hearings, and preparation for such meetings.

In the event of any litigation relating to the work performed by SP&H, SP&H's Post-Report Work hourly billing rates are applicable and payable to SP&H upon receipt of invoice by Clients regardless if we are named expert witnesses or percipient witnesses.

All post-report work will be billed on a time-billing basis at the rate of $700 per hour for Messrs. Sanli and Pastore, $475 per hour for Mr. Forrest Vickery, and at the rates quoted above in ***Report Section*** for all other analysts. We reserve the right to request additional retainer amounts to cover post-report work fees before performing any post-report work.

All Post-Report Work will be at the prior written request of Clients.

If Clients request any valuation assignment for a purpose other than that specified in this Agreement or requests that SP&H expand its original work, such assignments will be subject to separate retainer agreements and fee estimates may be adjusted.

The billing rates provided herein will be applicable until December 31, 2015, after which date our rates may be revised.

**C.**     ***Out-of-Pocket Expenses***
SP&H shall be reimbursed for all reasonable out-of-pocket expenses that have been pre-approved in writing by Clients, including, but not limited to, automobile mileage, airfare, parking and purchases of special publications, comparable market transactions, research and supplies.  Automobile mileage will be reimbursed at the rate of $0.575 per mile.

Mr. Leonard Peña
*Valuation of 100% Equity Interest in The Little Saigon News Incorporated*
August 26, 2015
Page 4 of 7



**V.    CONFIDENTIALITY**

Without written consent separate from this Agreement, SP&H will use documents and other information received from Clients in connection with the above Matter, and all work product created by SP&H (such documents, information, and work product, collectively, "Material") only for the provision of services under this Agreement.  SP&H will retain and keep strictly confidential all Material, will not furnish or otherwise disclose Material or its contents to the Court or any third parties without the prior written consent of Clients unless required by law to do so, and will deliver to Clients all Material upon request of Clients, subject to file retention requirements of the American Society of Appraisers and/or the Appraisal Foundation.  If required to disclose any Material, SP&H will provide notice to Clients of SP&H's obligation to do so in time that Clients have a reasonable opportunity to object to such disclosure.

**VI.    NO IMPLIED GUARANTEES**

SP&H cannot guarantee that settlements, court or jury decisions will equal or approximate the amounts determined by SP&H.  Payment of SP&H's fees is not contingent on and cannot be delayed pending any outcome.

**VII.    DUE DILIGENCE**

Clients and/or Company each warrants that he/she/it is not misrepresenting, altering, fabricating, or editing data provided to SP&H.  SP&H will assume that all information provided by Clients is true and accurate unless otherwise specified.  Clients release SP&H of all liability concerning the validity of data provided by Clients.

**VIII.    DISPUTE**

Any controversy or claim arising out of or relating to this Agreement may be submitted to binding arbitration solely at SP&H's option and in accordance with JAMS Comprehensive Arbitration Rules & Procedures, and shall be held in the City of Los Angeles, California.  Judgment upon the award rendered by the arbitrator may be entered in any court of competent jurisdiction.  The parties shall have the right to conduct discovery pursuant to C.C.P. §1283.05 and shall have the right to request a statement of anticipated evidence pursuant to C.C.P. §1282.2. Any party shall be entitled to request a statement of decision setting forth the arbitrator's findings of fact and conclusions of law, which shall be prepared by the arbitrator upon such request.  The arbitrator's award shall conform to the evidence and the law, and it shall include costs and attorney's fees incurred by the prevailing party. Any award which fails to conform with the foregoing requirements shall be in excess of the arbitrator's powers, and any such award may be corrected or vacated by a court of competent Jurisdiction pursuant to C.C.P. §§1286 through 1286.8, inclusive.

If any action, including but not limited to arbitration/mediation, is instituted to enforce this Agreement or any portion thereof, the prevailing party shall be entitled to recover all attorneys' fees and costs actually incurred. Monies that are recoverable by the prevailing party include, but are not limited to, collection time, attorneys' fees, administrative costs and expenses.

**IX.    LIMITATION ON LIABILITY**

a. Parties agree that neither SP&H, independent contractors, and affiliates will be liable to Parties for any and all claims, liabilities, costs, and expenses relating to this engagement for any amount in excess of the fees paid by Parties to SP&H in connection with this engagement, except to the extent that any of the foregoing results from the gross negligence, bad faith or willful misconduct of SP&H.

b. SP&H's written and/or oral consultation is advisory only.  SP&H makes no guarantee, representation, or promise for any particular results.

Mr. Leonard Peña
*Valuation of 100% Equity Interest in The Little Saigon News Incorporated*
August 26, 2015
Page 5 of 7



c. In no event shall SP&H, independent contractors, or affiliates be liable for any damages whatsoever (including, without limitation, incidental, punitive, exemplary, special and consequential damages, lost profits, or any other damages or business interruption) resulting from the services provided by SP&H.

SP&H would not be able to provide the professional services for this engagement without such limitations.

**X.    INDEMNIFICATION**

Clients agree to indemnify and hold SP&H harmless against any losses, claims, damages or liabilities, to which SP&H may become subject in connection with services performed pursuant to this Agreement. Furthermore, Clients agree to reimburse, as incurred, SP&H for any legal or other expenses incurred by SP&H in connection with investigating or defending any action, proceeding, investigation or claim in connection therewith. However, Clients shall not be obligated under the foregoing indemnity agreement with respect to any loss, claim, damage or liability resulting from action in connection therewith to the extent that a court having jurisdiction shall have determined in a final judgment that such loss, claim, damage or liability resulted primarily from the negligence of SP&H. For purposes of this Agreement, negligence is defined as acts or omissions representing a material departure from standards of ordinary care. The reimbursement and indemnity obligations of Clients under this paragraph shall be in addition to any liability Clients may otherwise have; shall extend upon the terms and conditions to the shareholders, directors, officers, employees, agents and controlling persons (if any) of SP&H; and, shall be binding upon and inure to the benefit of any successors, assigns, heirs and personal representatives of Clients, SP&H, and any such persons. The foregoing provisions shall survive any termination of this Agreement.

**XI.    SEVERABILITY**

If any provision of this Agreement be held to be invalid, or otherwise unenforceable for any reason, in whole or in part, the remaining provisions of this document shall continue to be valid and enforceable. All the provisions of this document shall survive until the completion or termination of this engagement.

**XII.    REPRESENTATION REGARDING AGREEMENT**

The parties agree and acknowledge that this Agreement represents the entire understanding between them with respect to the subject matter hereof, and that no promises or representations of any kind other than as set forth herein have been made by, or on behalf of, the parties, to one another. This Agreement shall supersede all prior and contemporaneous oral or written agreements or understandings concerning the subject matter hereof. If any portion of this Agreement shall be finally determined to be invalid or unenforceable, in whole or in part, the remaining provisions hereof shall continue in full force and effect and be binding upon the parties hereto. This Agreement shall be governed by the internal laws of the State of California without giving effect to conflicts of law rules. The relationship between SP&H and Clients shall not be that of agent and principal, but rather independent contractor and engaging party, respectively. Neither this Agreement nor any portion hereof may be assigned to a third party without prior written consent of the other parties hereto. Each party, and each party's attorney, if any, specifically agrees that, in entering into this Agreement, he, she or it has not relied on any representation or opinion of fact, law or otherwise, made by another party or attorney, other than representations set forth in writing herein.

**XIII.    TERMINATION OF AGREEMENT**

SP&H reserves the right to terminate this Agreement in the event that Clients are past due in monies due to SP&H. In the event of termination of this Agreement, Clients may not name SP&H as its expert and SP&H will not perform any more work for Clients. Upon termination, SP&H is entitled to all fees for work completed and additional costs as provided in this Agreement.

Mr. Leonard Peña
*Valuation of 100% Equity Interest in The Little Saigon News Incorporated*
August 26, 2015
Page 6 of 7

SANLI PASTORE & HILL

**XIV.    GOVERNING LAW**

This Agreement is entered into in accordance with the laws of the State of California (without giving effect to conflicts of law rules) and shall be governed by and interpreted in accordance with those laws.

**XV.    HEADINGS**

The various headings used in this Agreement are solely for the convenience of the parties and shall not be used to interpret this Agreement.

**XVI.    SIGNATURE**

The signor(s) represents that he/she/it/they is/are authorized to enter into this Agreement.

**XVII.    AUTHORIZATION TO PROCEED**

Receipt of the $6,000 non-refundable retainer fee as specified in Section IV along with the appropriate signatures on this Agreement will be considered SP&H's authorization to proceed.  SP&H cannot be considered retained, cannot be named as an expert witness and will not start any work before receiving the specified retainer amount and the signed Agreement.  This Agreement will become null and void at SP&H's sole option to decide so, and fees may be subject to increases if it is not signed and returned along with the $6,000 non-refundable retainer fee within 3 days of the date on page 1 of this Agreement. A copy of this Agreement should be kept for Clients' records.

By signing this document, Clients agree to all of the terms herein.

Respectfully submitted,

Thomas E. Pastore, ASA
Chief Executive Officer and Founder

SANLI PASTORE & HILL, INC.
a California Corporation

Authorization Granted by:

**CLIENT**

By: _Brigitte Huynh_

Print Name: _BRIGITTE HUYNH_

Date: _8/26/2015_

**CLIENT**

By: _____

Print Name: _____

Date: _____

Mr. Leonard Peña
*Valuation of 100% Equity Interest in The Little Saigon News Incorporated*
August 26, 2015
Page 7 of 7



# ADDENDUM

## BILLING RATES

### January 1, 2015 – December 31, 2015

Nevin Sanli, ASA, Chairman of the Board……………………...………………......$500.00 per hour

Thomas E. Pastore, ASA, CPA CFA,
President and Chief Executive Officer…………………...…....................................…..$500.00 per hour

Forrest Vickery, Managing Director, Northern California...……………………..….$425.00 per hour

Managers & Vice Presidents…………………………………….......…..$375.00 - $400.00 per hour

Financial Analysts - Senior Associates…..………….….......................…...$185.00 - $350.00 per hour

Interns …………………………………….……………………………….......……... $145.00 per hour

Note:   Support staff time is not billed.

### *Court Testimony*

Pre-trial and trial work is billed at the following rates:

Nevin Sanli, Chairman of the Board…………..………………….…..…..……. $700.00 per hour

Thomas E. Pastore, President and Chief Executive Officer……..………..…..…$700.00 per hour

Forrest Vickery, Managing Director, Northern California…………….…..…..$475.00 per hour

All other employees of SP&H are billed at their standard billing rates as indicated above. We require reimbursement for out-of-pocket expenses at cost.  Auto mileage is billed at the standard rate of $.575 per mile.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**PEÑA & SOMA, APC**
**402 South Marengo Ave., Suite B**
**Pasadena, CA 91101**

A true and correct copy of the foregoing document entitled (*specify*): __**Notice of Motion and Motion for Order without Hearing Pursuant to LBR 9013-1(o)**__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __9/2/15__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| **Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)** | nancy.goldenberg@usdoj.gov |
| **Douglas G Levin on behalf of Creditor Nguoi Viet Daily News, Inc.** | DLevin@gibsondunn.com |
| **Douglas G Levin on behalf of Creditor Dat Huy Phan** | DLevin@gibsondunn.com |
| **Douglas G Levin on behalf of Creditor Vinh Hoang** | DLevin@gibsondunn.com |
| **Craig Millet on behalf of Creditor Nguoi Viet Daily News, Inc.** | cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com |
| **Craig Millet on behalf of Creditor Dat Huy Phan** | cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com |
| **Craig Millet on behalf of Creditor Vinh Hoang** | cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com |
| **R G Pagter, Jr. on behalf of Creditor Marie To** | gibson@ppilawyers.com, ecf@ppilawyers.com |
| **R G Pagter, Jr. on behalf of Creditor Paul Huynh** | gibson@ppilawyers.com, ecf@ppilawyers.com |
| **Leonard Pena on behalf of Debtor The Little Saigon News Incorporated** | lpena@penalaw.com, penasomaecf@gmail.com |
| **Leonard Pena on behalf of Debtor Brigitte Laure Huynh** | lpena@penalaw.com, penasomaecf@gmail.com |
| **Leonard Pena on behalf of Plaintiff The Little Saigon News Incorporated** | lpena@penalaw.com, penasomaecf@gmail.com |
| **United States Trustee (SA)** | ustpregion16.sa.ecf@usdoj.gov |
| **David R. Weinstein on behalf of Interested Party David R. Weinstein** | dweinstein@weinsteinlawfirm.net |
| **David R. Weinstein on behalf of Interested Party Joseph Le** | dweinstein@weinsteinlawfirm.net |
| **David R. Weinstein on behalf of Interested Party Stephen B. Holliday** | dweinstein@weinsteinlawfirm.net |

2. **SERVED BY UNITED STATES MAIL**: On (*date*) __9/2/15__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Hon. Mark S. Wallace**
**United States Bankruptcy Court**
**411 West Fourth Street, Suite 6135 / Courtroom 6C**
**Santa Ana, CA 92701-4593**

☑ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/2/15 | LEONOR ARTEAGA | /S/ LEONOR ARTEAGA |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

The Little Saigon News Incorporated
13861 Seaboard Circle
Garden Grove, CA 92843

American Express
Box 0001
Los Angeles, CA 90096-0001

An Quoc Nguyen
415 South 49th Street
Philadelphia, PA 19143

Felix Shafir
Curt Cutting
Horvitz & Levy LLP
15760 Ventura Blvd., 18th Floor
Encino, Ca  91436-3000

Brigitte Laure Huynh
13861 Seaboard Circle
Garden Grove, CA 92843

California Association of Realtors
10900 Westminster Blvd
Second Floor
Garden Grove, CA 92843

Bank of America
PO Box 60069
City Of Industry, CA 91716-0068

Citi
PO Box 6241
Sioux Falls, SD 57117

CitiCards
PO Box 6000
The Lakes, NV 89163-6000

Charles H. Manh
8990 Westminster Blvd. Second Floor
Westminster, CA 92683

Dat Huy Phan
14771 Moran Street
Westminster, CA 92683

Employment Development Department
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Dat Huy Phan
Hoyt Elvin Hart II
PO Box 675670
Rancho Santa Fe, CA 92067

Franchise Tax Board
Attn Bankruptcy
PO Box 2952
Sacramento, CA 95812-2952

General Newsprint, Inc.
888 West Crowther Ave.
Placentia, CA 92870

Forward Air, Inc.
PO Box 1058
Greeneville, TN 37744

International Daily News
870 Monterey Pass Road
Monterey Park, CA 91754

Kim Anh Ngyuen
415 South 49th Street
Philadelphia, PA 19143

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114

Mathew B. Weisberg
Weisberg Law
7 South Morton Avenue
Morton, PA 19070

Nam Quoc Nguyen
17614 Laguna Trail Drive
Houston, TX 77095

Marie To
C/O Ralph Gibson Pagter
525 N Cabrillo Park Dr # 104
Santa Ana, CA 92701

Orange County Sheriffs Department
11100 Cedar Street
Stanton, CA 90680

Ricardo Zapata
Ricardo A. Torres APLC
2677 N Main Stret Suite 100
Santa Ana, CA 92705

Nguoi Viet News, Inc.
Hoyt Elvin Hart II
PO Box 675670
Rancho Santa Fe, CA 92067

WKS Properties, LLC
a California Limited Liability Comp
17910 Pint Reyes Street
Fountain Valley, CA 92708

Vinh Hoang
Hoyt Elvin Hart II
PO Box 675670
Rancho Santa Fe, CA 92067

Thomas Pastore
Sanli Pastore & Hill
1990 S. Bundy Dr., Ste 800
Los Angeles, CA 90025

Joseph Le
808 South Glen Park
Anaheim, California 92808

Ally Nguyen
808 South Glen Park
Anaheim, California 92808