LEONARD PEÑA (State Bar No. 192898)
lpena@penalaw.com
PEÑA & SOMA, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101
Telephone (626) 396-4000
Facsimile (213) 291-9102

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>The Little Saigon News Incorporated,<br><br>　　　Debtor and<br>　　　Debtor in Possession,<br><br>In re:<br><br>Brigitte Laure Huynh,<br><br>　　　Debtor and<br>　　　Debtor in Possession.<br><br>_ Affects Both Debtors<br><br>X Affects The Little Saigon News Incorporated Only<br><br>_ Affects Brigitte Laure Huynh Only<br>　　　Debtors and<br>　　　Debtors in<br>　　　Possession. | Lead Case No.: 8:15-bk-11875 MW<br><br>Chapter 11 Cases<br><br>Jointly administered with:<br><br>Case No. 8:15-bk-11876 MW<br><br>DEBTORS' OBJECTION TO NGUOI VIET DAILY NEWS, INC.'S AND DAT HUY PHAN'S DISCLOSURE STATEMENT<br><br>DATE:　December 2, 2015<br>TIME:　10:30 A.M.<br>CTRM:　6C<br>PLACE: 411 West Fourth Street<br>　　　　Santa Ana, CA 92701 |

1

# Table of Contents

I.   PRELIMINARY STATEMENT                                                            5

II.  OBJECTION                                                                        6

   A.   The Disclosure Statement Does Not Provide Adequate Information                6

      1.   The Disclosure Statement Does Not Contain Adequate Information
   Regarding the Financial Condition of the Debtor and Plan Proponents.               7

III. DISCLOSURE STATEMENT DESCRIBES A
     PATENTLY UNCONFIRMABLE PLAN THAT MANIPULATES
     THE CLASSIFICATION OF UNSECURED CLAIMS                                          11

   A.   Multiple Classes Of Unsecured Creditors Are Prohibited Where The
   Purpose Is To Manipulate Votes.                                                   11

   B.   Subordination Of Debtor Huynh's Claim And Of Other Insiders Is
   Not Appropriate.                                                                  13

IV.  ON ITS FACE PLAN DESCRIBED BY DISCLOSURE
     STATEMENT IS NOT FAIR AND EQUITABLE TO CLASS
     OF INTERESTS AND IS UNCONFIRMABLE                                               15

V.   CONCLUSION                                                                      16

**Cases**

*Coones v. Mut. Life Ins. Co. of N.Y.,* 168 B.R. 247, 255 (D.Wyo.1994), aff'd,
   56 F.3d 77 (10th Cir.1995) .............................................. 9
*Holt v. Federal Deposit Insurance Corp. (In re CTS Truss, Inc.),* 868 F.2d
   146, 148-49 (5th Cir.1989) ............................................. 14
*In re Ambanc La Mesa Ltd. P'ship*, 115 F.3d 650, 656-57 (9th Cir. 1997) ..... 15
*In re Arnold, 471 B.R. 578, 586* (Bankr. C.D. Cal. 2012) .................... 13
*In re Barakat,* 99 F.3d 1520, 1525 (9th Cir.1996) ........................... 12
*In re Dave's Detailing, Inc.,* No. 13-08077 (RLM), 2015 WL 4601726, at *16
   (Bankr. S.D. Ind. July 30, 2015) ....................................... 16
*In re Ferretti,* 128 B.R. 16, 19 (Bankr. D.N.H. 1991) ....................... 7
*In re Greystone III Joint Venture,* 995 F.2d 1274, 1279 (5th Cir.1991) ...... 15
*In re Lower Bucks Hasp.,* 571 Fed. Appx. 139, 142 (3d Cir. 2014) ............ 6
*In re Nelson*, 84 B.R. 90, 93 (Bankr.W.D.Tex.1988) .......................... 8
*In re Oneida Ltd.,* 351 B.R. 79, 87 (Bankr.S.D.N.Y.) ........................ 15
*In re Pecht*, 57 B.R. 137, 139 (Bankr.E.D.Va.1986) .......................... 13
*In re Ralph C. Tyler, P.E., P.S., Inc.,* 156 B.R. 995 (Bankr.N.D.Ohio 1993) .. 9
*In re Repurchase Corp.,* 332 B.R. 336, 343 (Bankr.N.D.Ill.2005) ............. 9
*In re Silberkraus*, 253 B.R. 890, 899 (Bankr.C.D.Cal.2000) .................. 13
*In re Wiston XXIV, Ltd. P'ship,* 153 B.R. 322, 327–28 (Bankr.D.Kan.1993) .... 9
*In re Wolff,* 22 B.R. 510, 511-12 (9th Cir. BAP 1982) ....................... 15
*Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d
   314, 322 (3d Cir. 2003) ................................................. 6
*Matter of Fabricators, Inc.,* 926 F.2d 1458, 1465 (5th Cir. 1991) ........... 14
*Matter of Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1382 (9th Cir.1985) ........ 8
*Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 417 (3d Cir.
   1988) ................................................................... 6

*Oxford Life Ins. Co. v. Tucson Self-Storage, Inc. (In re Tucson Self-*
*Storage),* 166 B.R. 892 (9th Cir. BAP 1994) ................................ 11

*Phoenix Mut. Life Ins. Co. v. Greystone III Joint Venture (In re Greystone*
*III)*, 995 F.2d 1274, 1278 (5th Cir.1991) ................................ 11

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v.*
*Anderson*, 390 U.S. 414, 441 (1968) ................................ 15, 16

*Trone v. Smith (In re Westgate-California Corp.),* 642 F.2d 1174, 1178 (9th
Cir.1981) ................................................................ 14

**Statutes**

11 U.S.C. § 1125(a .................................................... 6

11 U.S.C. § 1125(a)(1) .................................................. 6

Debtors, The Little Saigon News Incorporated and Brigitte Laure Huynh ("Debtors"), by and through their undersigned counsel, hereby submit this objection (the "Objection") to Nguoi Viet Daily News, Inc.'s and Dat Huy Phan's (the "Proponents") proposed disclosure statement [Docket No. 142] (the "Disclosure Statement").  In support of this

Objection, the Debtors respectfully submit as follows:

## I. **PRELIMINARY STATEMENT**

The Disclosure Statement cannot be approved because it does not contain adequate information to enable creditors to make an informed judgment about the Proponents' Chapter 11 Plan of Reorganization [Docket No. 141] (the "Plan").  It is especially important that the Disclosure Statement disclose adequate information regarding the sources of income available to satisfy the proposed payments under the Plan.  This information is essential to enable a creditor to make an informed decision to accept or reject the Plan. Instead, the Disclosure Statement contains inconsistencies regarding the sources of income and lacks any analysis of projected financial means.  As a result, the Disclosure Statement must be denied in its current form.

Specifically, the Disclosure Statement (a) fails to provide complete financial statements for the non-debtor business entity and the individual that will purportedly fund payments under the Plan (and nothing appears to bind the non-debtor business entity and the individual to the Plan), (b) fails to provide a complete analysis of the Debtor's projected post-confirmation monthly payments and (c) improperly classifies claims that are substantially similar.

## II. OBJECTION

### A. The Disclosure Statement Does Not Provide Adequate Information.

A disclosure statement must contain "adequate information," or "information of a kind, and in sufficient detail . . . that would enable . . . a hypothetical investor of the relevant class to make an informed judgment about the plan[.]" 11 U.S.C. § 1125(a)(1); *see also Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 322 (3d Cir. 2003) ("The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court.") (internal quotations omitted); *Century Glove, Inc. v. First Am. Bank of New York,* 860 F.2d 94, 100 (3d Cir. 1988).

The Disclosure Statement fails to provide "adequate information" as required by section 1125 of the Bankruptcy Code and should not be approved in its current form. In determining whether a disclosure statement provides adequate information, section 1125 of the Bankruptcy Code requires that the Court consider "the benefit of additional information to creditors and other parties in interest." 11 U.S.C. § 1125(a). Courts have ample discretion to determine what constitutes adequate information. *In re Lower Bucks Hasp.,* 571 Fed. Appx. 139, 142 (3d Cir. 2014). It is impossible to "overemphasize the . . . obligation to provide sufficient data to satisfy the Bankruptcy Code standard of 'adequate information.'" *Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 417 (3d Cir. 1988). Indeed, the "preparing and filing of a disclosure statement is a

critical step in the reorganization of a Chapter 11 debtor." *Id.* As such, a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti,* 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

As detailed below, the Disclosure Statement fails to provide adequate information with respect to, among other things: (a) fails to provide complete financial statements for the Debtor, the non-debtor business entity and the individual that will purportedly fund payments under the Plan (and nothing appears to bind the non-debtor business entity and the individual to the Plan), (b) fails to provide a complete analysis of the Debtor's projected post-confirmation monthly payments and (c) improperly classifies claims that are substantially similar creating an illegal discrimination.

### 1. The Disclosure Statement Does Not Contain Adequate Information Regarding the Financial Condition of the Debtor and Plan Proponents.

In an effort to demonstrate feasibility, the Disclosure Statement includes various conclusory statements that the Plan will be ". . . implemented . . . and funded from: (1) the operations and assets of the Debtor . . . (2) the operations and assets and available Cash of the Reorganized Debtor and (3) . . . the NV Creditors' Funding Commitment" and more specifically "The NV Creditors are well-capitalized and prepared to satisfy any financial requirements of the Reorganized Debtor or to take other necessary action without the need for reorganization of

7

the Reorganized Debtor." *Disclosure Statement* at Part VI pg. 20 ln. 15-8 and Part XI pg. 31 ln. 25-8 and pg. 32 ln. 1.  Other than these few conclusory statements, the Disclosure Statement contains no substantive financial information.  At a minimum, the Disclosure Statement should contain projections and full financial statements (income statement, balance sheet, and cash flow statement) for the past 2 years and the next 5 years (projected) for the Debtors, Nguoi Viet Daily News, Inc. and Dat Huy Phan.  The Proponents do not offer one shred of evidence that the Debtor or they can afford any of the payments proposed under the Plan. Creditors are left wondering how, when and if the payments promised under the Plan will ever be made.

Accurate financial projections are a key component of analyzing whether a Plan is feasible. The Disclosure Statement does not contain any financial projections for the Debtor or the Plan proponents Nguoi Viet Daily News, Inc. and Dat Huy Phan. Accordingly, the Disclosure Statement does not contain adequate information to allow a creditor to make an informed decision to accept or reject the Plan.

Section 1129(a)(11) requires the plan proponent to show concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under the plan. *In re Nelson*, 84 B.R. 90, 93 (Bankr.W.D.Tex.1988).  This requirement prevents the confirmation of visionary schemes which promise creditors and interest holders more under a proposed plan than the proponent can possibly provide. *Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1382 (9th Cir.1985).  The feasibility requirement mandates that the plan proponent offer concrete

evidence of sufficient cash flow to fund and maintain both its operations and its obligations under the plan. *Coones v. Mut. Life Ins. Co. of N.Y.,* 168 B.R. 247, 255 (D.Wyo.1994), aff'd, 56 F.3d 77 (10th Cir.1995).

Because the success of the Plan proposed by the Proponents is clearly contingent on the Proponents' Funding Commitment, in order to provide adequate information, the Proponent must disclose information regarding Nguoi Viet Daily News, Inc.'s and Dat Huy Phan's financial condition that shows their ability to make the promised funding. *See In re Repurchase Corp.,* 332 B.R. 336, 343 (Bankr.N.D.Ill.2005) (declaration that individual would contribute needed capital to the debtor was "sheer speculation and wishful thinking" in the "absence of any form of corroboration or contract from the alleged sources of the funds" and therefore could not satisfy feasibility requirement for plan confirmation); *In re Wiston XXIV, Ltd. P'ship,* 153 B.R. 322, 327–28 (Bankr.D.Kan.1993) (holding that plan was not feasible in spite of general partner's promise to contribute $100,000 because the general partner showed no proof he could actually make the payment); *In re Ralph C. Tyler, P.E., P.S., Inc.,* 156 B.R. 995 (Bankr.N.D.Ohio 1993) (plan not feasible due to lack of evidence concerning financing or commitments to provide such financing).

The Proponents allege that the Debtor merely has approximately $60,000.00 cash on hand that could be used to make the payments proposed in the Plan, assuming this true, it appears that a large part of the distributions proposed under Plan would be paid by the Proponents. However, the Disclosure

9

Statement is completely lacking of any information regarding the Proponent' financial ability to make the Funding Commitment, in any amount. In fact, there is not even a declaration under penalty of perjury by the plan Proponents asserting that they have the financial ability make the payments proposed under the Plan. The Disclosure Statement contains no information whatsoever regarding Nguoi Viet Daily News, Inc.'s and Dat Huy Phan's finances.

      The Proponents' liquidation analysis concludes that the "Proceeds Available For Non-Priority Unsecured Claims" is in the range of $46,610.15-$1,224,302.45. *Disclosure Statement* Exhibit "2" at pg. 2. Thus at a minimum, the Disclosure Statement should disclose the Proponents' financial ability to pay creditors the sums described in the liquidation analysis. Likewise, the Proponents assert they intend on paying all <u>allowed</u> unsecured creditors in full, excluding insiders' claims. Assuming all of the unsecured creditors' claims are allowed and not subordinated, including those of the insiders, the total unsecured creditor body could be has high as $1,968,697.46. *Disclosure Statement* Exhibit "2" pg. 3 and 5. The Disclosure Statement is completely void of any information regarding the Proponents ability to make plan payments in any amount, much less $1,968,697.46.

      Information regarding the Proponents', their business background and their assets and their liabilities is necessary for the creditors to understand the impact of the purported Funding Commitment to the Reorganized Debtor. Without this information, the unsecured creditors are unable to determine

whether to accept or reject the Plan. Due to the complete lack of financial evidence of the Proponents, it is simply impossible for creditors to make an informed decision regarding the acceptance or rejection of the Plan.

### III. DISCLOSURE STATEMENT DESCRIBES A PATENTLY UNCONFIRMABLE PLAN THAT MANIPULATES THE CLASSIFICATION OF UNSECURED CLAIMS

**A. Multiple Classes Of Unsecured Creditors Are Prohibited Where The Purpose Is To Manipulate Votes.**

The Disclosure Statement describes the Plan where the Proponents are the sole unsecured creditors in "Class 3", a class that is impaired and the only class of creditors entitled to vote to accept or reject the Plan. Inexplicably and illegally, the Proponents place themselves in a class separate from other substantially similar unsecured claims. This gerrymandering of the classes of claims guarantees that the Proponents can manipulate the vote to ensure confirmation of their Plan.

In *Oxford Life Ins. Co. v. Tucson Self-Storage, Inc. (In re Tucson Self-Storage),* 166 B.R. 892 (9th Cir. BAP 1994), the Court agreed with the "one clear rule" discussed by *Phoenix Mut. Life Ins. Co. v. Greystone III Joint Venture (In re Greystone III)*, 995 F.2d 1274, 1278 (5th Cir.1991), that a plan proponent cannot "classify similar claims differently in order to gerrymander an affirmative vote on a reorganization plan." Where a plan separately classifies similarly-situated creditor claims . . . in order to create a friendly class to vote for the

plan, the "gerrymandering" of the claims constitutes lack of good faith.  *In re Barakat,* 99 F.3d 1520, 1525 (9th Cir.1996).

In the Plan, the Proponents created three classes of general unsecured creditors, Classes 2, 3 and 4, although the claims are all unsecured creditors and have the same priority in a Chapter 7 liquidation.  Class 2 was created in a way that, although composed of general unsecured claims, like those of the Proponents and Class 4, the class is unimpaired and thus not entitled to vote on the Plan.  Class 3, the Proponents' class, is impaired and thus <u>can</u> vote to reject or approve the Plan, the only class to have this privilege, will undoubtedly vote to approve the Plan it is proposing.  Thus, the Creditor's created a "friendly" class that will vote for the plan, controlled and composed solely by them.  Finally, the claims of Debtor Huynh and other insider claims are in Class 4, in a subordinated class, and deemed to reject the Plan; not entitled to vote.

With careful, yet impermissible, gerrymandering of the classes of claims, the Proponents created a situation where they are the only creditors permitted to vote on the Plan.  The very Plan that proposes that the Debtor's main competitor, the Proponents, takes over the Debtor's business and ousts its management.

Had Proponents correctly classified all of the claims, Classes 2, 3 and 4 would be in one class of general unsecured creditors, seriously compromising the Proponent' chance of confirming their Plan.  The intentional misclassification of claims described in the Disclosure Statement offered in conjunction with the Plan, describes a plan that is

unconfirmable. To approve the Disclosure Statement and proceed to plan confirmation would be an unnecessary waste of resources due to its unconfirmability.

"[W]here a plan is on its face nonconfirmable, as a matter of law, it is appropriate for the court to deny approval of the disclosure statement describing the nonconfirmable plan." *In re Arnold, 471 B.R. 578, 586* (Bankr. C.D. Cal. 2012) *citing In re Silberkraus*, 253 B.R. 890, 899 (Bankr.C.D.Cal.2000). "If, on the face of the plan, the plan could not be confirmed, then the Court will not subject the estate to the expense of soliciting votes and seeking confirmation." *In re Arnold, 471 B.R. 578, 586* (Bankr. C.D. Cal. 2012) *citing In re Pecht*, 57 B.R. 137, 139 (Bankr.E.D.Va.1986).

**B.    Subordination Of Debtor Huynh's Claim And Of Other Insiders Is Not Appropriate.**

The Disclosure Statement provides no legal basis for the subordination of Debtor Huynh's and other insiders' claims to Class 4. Buried in paragraph 9 of Exhibit "2" to the Disclosure Statement, the Proponents justify the subordination alleging "[t]he NV Creditors believe that a Chapter 7 Trustee would . . . subordinate these "Insider" claims . . . Accordingly . . . these claims will be subordinated." This discriminatory treatment of Debtor Huynh's and other insider claims is not fair and equitable because of the Proponents gerrymandering of classes in the Plan and Disclosure Statement.

Equitable subordination is an unusual remedy which should be applied only in limited circumstances. *Holt v. Federal Deposit Insurance Corp. (In re CTS Truss, Inc.),* 868 F.2d 146,

148-49 (5th Cir.1989). Equitable subordination is remedial, not penal, and should be applied only to the extent necessary to offset the specific harm that the creditors suffered on account of the inequitable conduct. *Trone v. Smith (In re Westgate-California Corp.),* 642 F.2d 1174, 1178 (9th Cir.1981). Mere status as an insider is not sufficient grounds for subordination. *Matter of Fabricators, Inc.,* 926 F.2d 1458, 1465 (5th Cir. 1991).

The Disclosure Statement offers creditors no information or reasoning why Debtor Huynh's and the other insider claims must be subordinated due to some alleged yet undisclosed inequitable conduct by the insiders. Thus, due to the to the lack of any evidence of inequitable conduct by the insiders it is unlikely the claims of Debtor Huynh and other insiders would be subordinated and these claims would have to be included in Class 2, the general unsecured creditor class.

The purported subordination of Debtor Huynh's and other insider unsecured claims is an unfair discrimination of similar claims; Class 2 receives a 100% dividend on its claim, Class 3 receives 100% of the equity interests of the Reorganized Debtor and Class 4 (subordinated) unsecured creditors receive nothing.

Discrimination between classes must satisfy four criteria to be considered fair under 11 U.S.C. § 1129(b): (1) the discrimination must be supported by a reasonable basis; (2) the debtor could not confirm or consummate the Plan without the discrimination; (3) the discrimination is proposed in good faith; and (4) the degree of the discrimination is directly related to the basis or rationale for the discrimination. *In re*

*Ambanc La Mesa Ltd. P'ship*, 115 F.3d 650, 656-57 (9th Cir. 1997) *citing In re Wolff,* 22 B.R. 510, 511-12 (9th Cir. BAP 1982). Moreover, separate classification for the purpose of securing an impaired consenting class under § 1129(a)(10) is improper. *In re Ambanc La Mesa Ltd. P'ship,* 115 F.3d 650, 656-57 (9th Cir. 1997) *citing In re Greystone III Joint Venture,* 995 F.2d 1274, 1279 (5th Cir.1991), *cert. denied*, 506 U.S. 821, 113 S.Ct. 72, 121 L.Ed.2d 37 (1992), and *cert. denied*, 506 U.S. 822, 113 S.Ct. 72, 121 L.Ed.2d 37 (1992). Here, the Proponents created Class 3, the sole impaired consenting class of which they are the sole creditors, this is precisely what the *Ambanc* court prohibited.

As the entirety of the Disclosure Statement is completely lacking of any information, analysis, facts or evidence justifying the disparate treatment between unsecured creditors, the subordination of Debtor Huynh's claims and of other insiders is not appropriate.

**IV. <u>ON ITS FACE PLAN DESCRIBED BY DISCLOSURE STATEMENT IS NOT FAIR AND EQUITABLE TO CLASS OF INTERESTS AND IS UNCONFIRMABLE</u>**

The extinguishment of Huynh's interest can only be accomplished after the Proponents prove there is no value left for Huynh after payment of other creditors.

To obtain confirmation of a reorganization plan that completely extinguishes equity interests, the plan's proponent must prove that there is no value left once the creditors have had their turn. *In re Oneida Ltd.,* 351 B.R. 79, 87 (Bankr.S.D.N.Y.) *citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 441

15

(1968).  This proof must take the form of a "going-concern" valuation of the reorganized company—an estimate of "the present worth of [its] future anticipated earnings"—as of the day the plan would take effect.  *In re Dave's Detailing, Inc.,* No. 13-08077 (RLM), 2015 WL 4601726, at *16 (Bankr. S.D. Ind. July 30, 2015) *citing* Protective, 390 U.S. at 442–43.  ("In Chapter 11 cases, a going-concern valuation of the reorganized debtors is a necessary step in applying the 'fair and equitable' standard to ... a class of interests in a cram down.") (emphasis omitted), rev'd on other grounds, 520 U.S. 953 (1997); Collier on Bankruptcy ¶ 1129.03[4][a][ii].

      The Proponents offer no analysis of the going concern value of the Debtor's business.  In fact, the Proponents offer no valuation of any of the Debtor's assets, business, tradenames, claims or rights; for these reasons alone the Disclosure Statement is deficient on it face and the underlying Plan unconfirmable.

### V.    CONCLUSION

WHEREFORE, for the reasons stated above, the Debtors respectfully requests that the Court deny approval of the Disclosure Statement.

Dated:  November 16, 2015    PEÑA & SOMA, APC

By    __/S/ LEONARD PEÑA_____
LEONARD PEÑA
Attorneys for Debtors and Debtors in Possession

16

| In re: | | CHAPTER: **11** |
|---|---|---|
| **THE LITTLE SAIGON NEWS INCORPORATED** | Debtor(s). | CASE NUMBER: **8:15-bk-11875** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**PEÑA & SOMA, APC
402 South Marengo Ave., Suite B
Pasadena, CA 91101**

A true and correct copy of the foregoing document entitled (*specify*):   **DEBTORS' OBJECTION TO NGUOI VIET DAILY NEWS, INC.'S AND DAT HUY PHAN'S DISCLOSURE STATEMENT**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On   **11/16/2015**  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA) nancy.goldenberg@usdoj.gov
David I Hurwitz on behalf of Defendant Michael Nguyen dih@birdmarella.com, dh@birdmarella.com
Douglas G Levin on behalf of Creditor Nguoi Viet Daily News, Inc. DLevin@gibsondunn.com
Douglas G Levin on behalf of Creditor Dat Huy Phan DLevin@gibsondunn.com
Douglas G Levin on behalf of Creditor Vinh Hoang DLevin@gibsondunn.com
Craig Millet on behalf of Creditor Nguoi Viet Daily News, Inc. cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com
Craig Millet on behalf of Creditor Dat Huy Phan cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com
Craig Millet on behalf of Creditor Vinh Hoang cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com
R G Pagter, Jr. on behalf of Creditor Marie To gibson@ppilawyers.com, ecf@ppilawyers.com
R G Pagter, Jr. on behalf of Creditor Paul Huynh gibson@ppilawyers.com, ecf@ppilawyers.com
Leonard Pena on behalf of Debtor The Little Saigon News Incorporated lpena@penalaw.com, penasomaecf@gmail.com
Leonard Pena on behalf of Debtor Brigitte Laure Huynh    lpena@penalaw.com, penasomaecf@gmail.com
Leonard Pena on behalf of Plaintiff The Little Saigon News Incorporated lpena@penalaw.com, penasomaecf@gmail.com
United States Trustee (SA)        ustpregion16.sa.ecf@usdoj.gov
David R. Weinstein on behalf of Interested Party David R. Weinstein dweinstein@weinsteinlawfirm.net
David R. Weinstein on behalf of Interested Party Joseph Le dweinstein@weinsteinlawfirm.net
David R. Weinstein on behalf of Interested Party Stephen B. Holliday dweinstein@weinsteinlawfirm.net
☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On   **11/16/2015**  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Honorable Judge Mark S. Wallace
United States Bankruptcy Court
411 West Fourth Street, Suite 6135 / Courtroom 6C
Santa Ana, CA 92701-4593**
☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June  2012                                                                                                                                                **9013-3.1.PROOF.SERVICE**

| In re: | | CHAPTER **11** |
|---|---|---|
| **The Little Saigon News Incorporated** Debtor(s). | | CASE NUMBER **8:15-bk-11875** |

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/16/15 | **Leonor Arteaga** | /s/ Leonor Arteaga |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*   **F 9013-3.1**