LEONARD PEÑA (State Bar No. 192898)
lpena@penalaw.com
PEÑA & SOMA, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101
Telephone (626) 396-4000
Facsimile (213) 291-9102

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>The Little Saigon News Incorporated,<br><br>       Debtor and<br>       Debtor in Possession,<br>_____ | Lead Case No.: 8:15-bk-11875 MW<br><br>Chapter 11 Cases<br><br><br><br>Jointly administered with: |
| In re:<br><br>Brigitte Laure Huynh,<br><br>       Debtor and<br>       Debtor in Possession.<br>_____ | Case No. 8:15-bk-11876 MW<br><br>OBJECTION TO NV CREDITOR'S PLAN; DECLARATION OF LEONARD PEÑA<br><br>DATE:  February 3, 2016<br>TIME:  2:00 P.M.<br>CTRM:  6C |
| _ Affects Both Debtors<br><br>X Affects The Little Saigon News Incorporated Only<br><br>_ Affects Brigitte Laure Huynh Only<br>      Debtors and<br>      Debtors in<br>      Possession.<br>_____ | PLACE: 411 West Fourth Street<br>        Santa Ana, CA 92701 |

## TABLE OF CONTENTS

I.    INTRODUCTION                                                          1

II.   LEGAL AUTHORITY                                                       1

  A.  Confirmation Standards                                               1

  B.  The Plan Cannot Be Confirmed Because It Is Not Feasible.             2

  C.  The NV Creditors Have Not Met Their Burden to Show that The

      Plan's Release and Exculpation Provisions Satisfy Sections

      1129(a)(1) and 1129(a)(3)                                           5

    1.  Section 524(e) Prohibits Third Party Discharges                   5

    2.  The Court's Equitable Powers Under 11 U.S.C. § 105 May Not

        Displace Specific Provisions of Section 524(e).                   8

    3.  The NV Creditors Have Not Demonstrated that the Limitations of

        Liability Provisions of the Plan and the Trust Satisfy Sections

        1129(a)(1) and 1129(a)(3).                                        9

  D.  Multiple Classes Of Unsecured Creditors Are Prohibited Where The

      Purpose Is To Manipulate Votes.                                    10

  E.  Subordination Of Debtor Huynh's Claim And Of Other Insiders Is

      Not Appropriate.                                                   12

  F.  The NG Creditors' Votes Should Be Designated Under 11 U.S.C.

      1126(e) As They Were Cast In Bad Faith.                            14

III.  CONCLUSION                                                         15

**TABLE OF AUTHORITIES**

Cases

*American Hardwoods, Inc. v. Deutsche Credit Corp. (In re American Hardwoods, Inc.)*, 885 F.2d 621, 625 - 26 (9th Cir.1989) ........................... 5, 8

*Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989)..................... 9

*Coones v. Mut. Life Ins. Co. of N.Y.,* 168 B.R. 247, 255 (D.Wyo.1994), aff'd, 56 F.3d 77 (10th Cir.1995) ............................................... 4

*Curry v. Castillo (In re Castillo)*, 297 F.3d 940 (9th Cir. 2002)........... 9

*Dow Corning Corp.,* 280 F.3d 648, 658 (6th Cir.), *cert. denied*, 537 U.S. 816 (2002) ............................................................... 6

*Gillman v. Continental Airlines (In re Continental Airlines),* 203 F.3d 203, 212 (3rd Cir. 2000) ....................................................... 9

*Holt v. Federal Deposit Insurance Corp. (In re CTS Truss, Inc.),* 868 F.2d 146, 148-49 (5th Cir.1989) ............................................... 12

*In re Ambanc La Mesa Ltd. P'ship,* 115 F.3d 650, 656-57 (9th Cir. 1997)..... 13

*In re Arnold, 471 B.R. 578, 586* (Bankr. C.D. Cal. 2012)................... 12

*In re Barakat,* 99 F.3d 1520, 1525 (9th Cir.1996)......................... 10

*In re Bataa/Kierland, LLC,* 476 B.R. 558, 566 (Bankr. D. Ariz. 2012)....... 14

*In re Beyond.com Corp.*, 289 B.R. 138, 145 (Bankr. N.D. Cal. 2003).......... 3

*In re Charter Commc'ns,* 419 B.R. 221 (Bankr. S.D.N.Y. 2009)................ 1

*In re Greystone III Joint Venture,* 995 F.2d 1274, 1279 (5th Cir.1991)...... 13

*In re J.D. Mfg., Inc.*, 2008 WL 4533690, at *2 (Bankr. S.D. Tex. Oct. 2, 2008)................................................................... 5

*In re Lowenschuss,* 67 F.3d 1394, 1401 (9th Cir. 1995)................ 5, 8, 9

*In re M&S Assocs., Ltd.,* 138 B.R. 845, 848-52 (Bankr. W.D. Tex. 1992)....... 3

*In re Metricom, Inc.,* 275 B.R. 364 (Bankr. N.D. Cal. 2002)............. 7, 10

*In re Mortgage & Realty Trust*, 123 B.R. 626 (Bankr. C.D. Cal. 1991)........ 10

*In re Nelson*, 84 B.R. 90, 93 (Bankr.W.D.Tex.1988)........................ 3

*In re Pacific Lumber Co.,* 584 F.3d 229, 251 (5th Cir. 2009)................ 7

*In re Pecht*, 57 B.R. 137, 139 (Bankr.E.D.Va.1986)......................... 12

*In re Ralph C. Tyler, P.E., P.S., Inc.,* 156 B.R. 995 (Bankr.N.D.Ohio 1993).. 4

*In re Repurchase Corp.,* 332 B.R. 336, 343 (Bankr.N.D.Ill.2005)............. 4

*In re Save Our Springs (S.O.S.) Alliance, Inc.,* 388 B.R. 202, 239-44 (Bankr.

   W.D. Tex. 2008) ......................................................... 3

*In re Silberkraus,* 253 B.R. 890, 899 (Bankr.C.D.Cal.2000).................. 12

*In re WCI Cable, Inc.,* 282 B.R. 457, 479 (Bankr. D. Or. 2002).......... 7, 10

*In re Wiston XXIV, Ltd. P'ship,* 153 B.R. 322, 327-28 (Bankr.D.Kan.1993)..... 4

*In re Wolff,* 22 B.R. 510, 511-12 (9th Cir. BAP 1982)...................... 13

*In re Worldcom, Inc.,* No. 02-13533 (AJG), 2003 WL 23861928, at *46 (Bankr.

   S.D.N.Y.Oct. 31, 2003) ................................................. 2

*Matter of Fabricators, Inc.,* 926 F.2d 1458, 1465 (5th Cir. 1991).......... 13

*Matter of Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1382 (9th Cir.1985)........ 3

*Metromedia Fiber Network, Inc.,* 416 F.3d 136, 142 (2nd Cir. 2005).......... 6

*Mosser v. Darrow*, 341 U.S. 267, 274 (1951); *Hall v. Perry (In re Cochise*

   *College Park, Inc.)*, 703 F.2d 1339, 1357 (9th Cir. 1983) ................ 9

*Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 207 (1988)............... 9

*Oxford Life Ins. Co. v. Tucson Self-Storage, Inc. (In re Tucson Self-*

   *Storage),* 166 B.R. 892 (9th Cir. BAP 1994) ............................. 10

*Phoenix Mut. Life Ins. Co. v. Greystone III Joint Venture (In re Greystone*

   *III)*, 995 F.2d 1274, 1278 (5th Cir.1991) .............................. 10

*Reves v. Ernst & Young*, 494 U.S. 56 (1990)................................ 5

*SEC v. Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285 (2nd Cir. 1992),

   cert. dismissed, 506 U.S. 1088 (1993) .................................. 6

*Trone v. Smith (In re Westgate-California Corp.),* 642 F.2d 1174, 1178 (9th

   Cir.1981) ............................................................. 13

*U.S. ex rel. Willoughby v. Howard*, 302 U.S. 445, 449 – 454 (1938).......... 9

*U.S. v. Aldrich (In re Rigden)*, 795 F.2d 727, 730-731 (9th Cir. 1986)....... 9

*Underhill v. Royal*, 769 F.2d 1426, 1432 (9th Cir. 1985)................... 5, 8

### **Statutes**

11 U.S.C. § 1129(a) ................................................... 2

11 U.S.C. § 1125(e) ................................................... 6

11 U.S.C. § 1129...................................................... 1

11 U.S.C. § 1129(a)(11) ............................................... 2

11 U.S.C. § 1129(a)(2) ................................................ 2

11 U.S.C. § 1129(a)(3) ................................................ 2

11 U.S.C. § 524(e) ................................................... 5

11 U.S.C. § 1123(b)(6) ................................................ 7

11 U.S.C. §1 129(a)(1) ................................................ 2

11 U.S.C. § 1129(a)(1) ................................................ 2

The Little Saigon News Incorporated and Brigitte Huynh ("Debtors") by and through their undersigned counsel, object to confirmation of the *NV Creditors' Chapter 11 Plan Of Reorganization For Debtor Little Saigon News Incorporated Dated September 29, 2015* ("Plan") [dkt. #141], and requests the Court deny confirmation for the reasons set forth herein.

## I.   INTRODUCTION

The Court should deny confirmation of the Plan for the following reasons:

• Plan is presented in bad faith because it does not resolve the substantial claims of Joseph Le and Brigitte Huynh.

• Plan is infeasible as presented and even without the Le and Huynh claims

• Plan includes non-debtor third party releases and exculpation provisions that are contrary to the Code or prevailing legal authority because the provisions are overly broad.

• Plan unfairly discriminates and subrogates claims.

• Votes in favor of the Plan were cast with an ulterior motive of destroying the Debtor not with a legitimate creditor motive.

## II.   LEGAL AUTHORITY

### A.   Confirmation Standards

Section 1129 of the Bankruptcy Code contains 16 standards that must be met for the Court to confirm a plan. 11 U.S.C. § 1129. The plan proponent bears the burden of establishing compliance with Section 1129 of the Bankruptcy Code. *In re Charter Commc'ns,* 419 B.R. 221 (Bankr. S.D.N.Y. 2009) *(citing*

*Heartland Fed. Savs. & Loan, Ass'n v. Briscoe Enters. (In re Briscoe Enters.)*, 994 F.2d 1160, 1165 (5th Cir. 1993) (stating that "[t]he combination of legislative silence, Supreme Court holdings, and the structure of the Code leads this Court to conclude that preponderance of the evidence is the appropriate standard of proof both under § 1129(a) and in a cramdown")); *In re Worldcom, Inc.,* No. 02-13533 (AJG), 2003 WL 23861928, at *46 (Bankr. S.D.N.Y.Oct. 31, 2003) (*citing Briscoe*).  Section 1129(a)(1) of the Bankruptcy Code requires that the Court find that the plan "complies with the applicable provisions of [the Bankruptcy Code]." 11 U.S.C. §1129(a)(1).  Section 1129(a)(2) provides that in order to be confirmable, the proponent of the plan must comply with the applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(2).  Section 1129(a)(3) provides that the plan be proposed in good faith. 11 U.S.C. § 1129(a)(3).

**B.    The Plan Cannot Be Confirmed Because It Is Not Feasible.**

The Debtors' proposed Plan is not feasible because the NV Creditors cannot satisfy Section 1129(a)(11) of the Bankruptcy Code.  That provision requires that "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan."  11 U.S.C. § 1129(a)(11).  Section 1129(a)(11) requires that "courts scrutinize carefully the plan to determine whether it offers a reasonable prospect of success and is workable." *In re*

2

*Beyond.com Corp.*, 289 B.R. 138, 145 (Bankr. N.D. Cal. 2003). The proposed Plan in this case is not which is fatal to confirmation.

The proposed Plan is not feasible because the Debtors will lack sufficient cash to exit bankruptcy at consummation. *See In re M&S Assocs., Ltd.,* 138 B.R. 845, 848-52 (Bankr. W.D. Tex. 1992) (King, J.); *see also In re Save Our Springs (S.O.S.) Alliance, Inc.,* 388 B.R. 202, 239-44 (Bankr. W.D. Tex. 2008).

Per the NV Creditor's memorandum in support of their Plan, they estimates that $368,723.00 will be necessary to pay all unclassified claims, Class 1 and Class 2 Claims. Presently, the Debtor's counsel is owed approximately $200,000 in unpaid fees and costs which is far more than the $32,079.40 estimated by the Plan proponents, likewise, the Debtor's accountant is owed approximately $35,000.00 in unpaid fees. Thus, the proposed Plan appears to be infeasible by $170,000.00 as the necessary cash on hand should be approximately $570,000.00, considerably more than the $400,000.00 the NV Creditors indicate they have available.

Furthermore, it is likely that the claims of Le and Huynh will be allowed in some amount. If so, the NV Creditors have not demonstrated any ability to pay those claims, which if allowed, would be in class 2, a class of claims that the proposed Plan purports to pay in full. For example, if allowed, the Le claim is in excess of $1,000,000. There is nothing in the Court record showing that the NV Creditors could pay Le's claim in full.

Section 1129(a)(11) requires the plan proponent to show concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under the plan. *In re Nelson*, 84 B.R. 90, 93 (Bankr.W.D.Tex.1988). This requirement prevents the confirmation of visionary schemes which promise creditors and interest holders more under a proposed plan than the proponent can possibly provide. *Matter of Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1382 (9th Cir.1985). The feasibility requirement mandates that the plan proponent offer concrete evidence of sufficient cash flow to fund and maintain both its operations and its obligations under the plan. *Coones v. Mut. Life Ins. Co. of N.Y.,* 168 B.R. 247, 255 (D.Wyo.1994), aff'd, 56 F.3d 77 (10th Cir.1995).

Because the success of the Plan proposed by the Proponents is clearly contingent on the Proponents' Funding Commitment, the NV Creditors must show their ability to make the promised funding. *See In re Repurchase Corp.,* 332 B.R. 336, 343 (Bankr.N.D.Ill.2005) (declaration that individual would contribute needed capital to the debtor was "sheer speculation and wishful thinking" in the "absence of any form of corroboration or contract from the alleged sources of the funds" and therefore could not satisfy feasibility requirement for plan confirmation); *In re Wiston XXIV, Ltd. P'ship,* 153 B.R. 322, 327-28 (Bankr.D.Kan.1993) (holding that plan was not feasible in spite of general partner's promise to contribute $100,000 because the general partner showed no proof he could actually make the payment); *In re Ralph C. Tyler, P.E., P.S., Inc.,* 156 B.R. 995 (Bankr.N.D.Ohio 1993) (plan not feasible due to lack of

evidence concerning financing or commitments to provide such financing).

For this reasons, the projections in the Plan are inadequate, incomplete, stale, and misleading.  The NV Creditors should be required to disclose the most up-to-date projections available, including a disclosure of their "sources and uses," and demonstrate that the Plan will be feasible based upon a comparison of all expected exit funding obligations and availability at consummation. *See, e.g., In re J.D. Mfg., Inc.*, 2008 WL 4533690, at *2 (Bankr. S.D. Tex. Oct. 2, 2008).

C.      **The NV Creditors Have Not Met Their Burden to Show that The Plan's Release and Exculpation Provisions Satisfy Sections 1129(a)(1) and 1129(a)(3)**

The Plan contains broad release and exculpation provisions that are contrary to the Bankruptcy Code and prevailing authority.  These clauses, if enforced, would provide protections to non-debtor entities.

1.      **Section 524(e) Prohibits Third Party Discharges**

Section 524(e) provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e).  *See Underhill v. Royal*, 769 F.2d 1426, 1432 (9th Cir. 1985), rejected on other grounds by *Reves v. Ernst & Young*, 494 U.S. 56 (1990).  The Ninth Circuit has repeatedly held "without exception, that § 524(e) precludes bankruptcy courts from discharging the liabilities of non-debtors."  *In re Lowenschuss*, 67 F.3d 1394, 1401 (9th Cir. 1995) (*citations omitted*).  Further, the Ninth Circuit has held that use of the Court's

5

equitable powers under section 105 cannot be used to displace

the express provisions of section 524(e).  *Id*. at 1402 *citing*

*American Hardwoods, Inc. v. Deutsche Credit Corp. (In re*

*American Hardwoods, Inc.)*, 885 F.2d 621, 625 - 26 (9th Cir.1989)

(where the Ninth Circuit expressly rejected use of the court's

equitable powers to grant relief inconsistent with express

provisions of the Code).  Moreover, because a non-debtor release

is a "device that lends itself to abuse," even courts that do

not construe § 524(e) as an outright prohibition of the releases

of non-debtors in a chapter 11 plan, generally take a very

circumscribed approach to such non-debtor releases, recognizing

that providing blanket protection to non-debtors, like the

releases proposed by the Plan here, is extraordinary relief.

*Metromedia Fiber Network, Inc.,* 416 F.3d 136, 142 (2nd Cir.

2005)(decided on equitable mootness grounds).  *See also Dow*

*Corning Corp.,* 280 F.3d 648, 658 (6th Cir.), *cert. denied*, 537

U.S. 816 (2002) (injunction in favor of a non-consenting, non-

debtor is a "dramatic measure to be used cautiously" and "is

only appropriate in 'unusual circumstances'").  Therefore,

unless there are truly extraordinary circumstances, such as the

settlement of massive tort liabilities or an avalanche of

litigation, few appellate courts have expressed a willingness to

release liability or enjoin the pursuit of claims against non-

debtors without an affected party's consent.  *See, e.g., In re*

*Dow Corning Corp.*, 280 F.3d at 658; *SEC v. Drexel Burnham*

*Lambert Group, Inc.,* 960 F.2d 285 (2nd Cir. 1992), cert.

dismissed, 506 U.S. 1088 (1993). If confirmed, the Plan would

permit certain third parties to use the Plan as a means to

release or otherwise discharge claims or actions brought by

creditors against non-debtor third parties, in violation of

section 524(e).  The NV Creditors have not identified any facts

that suggest extraordinary circumstances exist in this case that

warrant the imposition of such broad releases.  The solicitors

of the Plan are already afforded some degree of protection under

section 1125(e) for acting in good faith.  11 U.S.C. § 1125(e).

The parties who seek to benefit from release and

exculpation provisions include the Exculpated Parties (as

defined by the Plan), NV Creditors their representatives,

including any officer, manager, attorney, financial advisor,

accountants and other professionals retained by them, among

others.  The release, injunction, and exculpation provisions

would, if this Plan is confirmed, permanently bar creditors from

pursuing such non-debtor, certain professionals of the NV

Creditors, and thereby creating a discharge for those third

parties.  For that reason, in *In re Pacific Lumber Co.,* the

Court ordered that such broad plan provisions that exculpated

non-debtors "from liability---other than for willfulness and

gross negligence----related to proposing, implementing, and

administering the plan," be stricken.  *In re Pacific Lumber Co.,*

584 F.3d 229, 251 (5th Cir. 2009).  "The fresh start § 524(e)

provides to debtors is not intended to serve [the] purpose" of

absolving non-debtors from negligent conduct."  *Id.,* at 252-53.

Clauses such as these seeking to limit liability are generally

disfavored by courts in the Ninth Circuit.  *In re Metricom,*

*Inc.,* 275 B.R. 364 (Bankr. N.D. Cal. 2002) (broad

indemnification and exculpation clauses disapproved); *In re WCI Cable, Inc.,* 282 B.R. 457, 479 (Bankr. D. Or. 2002).

Sections 1123 and 1129 provide that a plan must comply with the applicable provisions of the Bankruptcy Code in order to be confirmed.  11 U.S.C. §§ 1123(b)(6), 1129(a)(1).  One of those provisions is § 524(e), which states that a discharge releases only the debtor, not third parties.  11 U.S.C. § 524(e).  Accordingly, controlling Ninth Circuit precedent holds unequivocally that plans containing such non-debtor releases are not permitted.  The release and exculpation provisions in favor of all non-debtor third parties, including but not limited to: the Exculpated Parties and NV Creditors and any other party, violate section 524(e), and thereby render the Plan unconfirmable.

> ## 2.  The Court's Equitable Powers Under 11 U.S.C. § 105 May Not Displace Specific Provisions of Section 524(e).

Although this Court has equitable powers granted under § 105(a), the Ninth Circuit has explicitly rejected the proposition that the general equitable powers bestowed by § 105(a) can used to displace the specific provisions of § 524(e). *In re Lowenschuss*, 67 F.3d at 1402; *see also American Hardwoods, Inc.,* 885 F.2d at 625-26 (expressly overturning the bankruptcy court's ruling permitting such provisions under § 105). In *Underhill v. Royal*, the Ninth Circuit addressed the issue of whether a bankruptcy court had the power to enforce releases, including consensual releases of a non-debtor third party.  It held that it did not:

> [T]he bankruptcy court has no power to discharge the
> liabilities of a nondebtor pursuant to the consent of
> creditors a part of a reorganization plan.  The broad
> language of § 524(e), limiting the scope of a discharge so
> that it 'does not affect the liability of any other
> entity,' encompasses this result.

Underhill v. Royal, 769 F.2d at 1432.

The court in *Underhill* reasoned that "[w]hen a bankruptcy court discharges the debtor; it does so by operation of the bankruptcy laws, not by consent of the creditors." *Id.* Consistent with this holding, the *Lowenschuss* decision confirmed that the Ninth Circuit does not recognize any exception, based on § 105, to the rule that § 524(e) precludes a bankruptcy court from discharging the liabilities of non-debtors.  *See also Gillman v. Continental Airlines (In re Continental Airlines),* 203 F.3d 203, 212 (3rd Cir. 2000). "[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."  *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 207 (1988).

3. **The NV Creditors Have Not Demonstrated that the Limitations of Liability Provisions of the Plan and the Trust Satisfy Sections 1129(a)(1) and 1129(a)(3).**

The Plan seeks to limit the liability of the Disbursing Agent to only willful misconduct and, in the case of the Reorganized Debtor.   This is inconsistent with the established standards for personal liability of a trustee.   *See e.g., U.S. ex rel. Willoughby v. Howard*, 302 U.S. 445, 449 – 454 (1938); *Mosser v. Darrow*, 341 U.S. 267, 274 (1951); *Hall v. Perry (In re*

*Cochise College Park, Inc.)*, 703 F.2d 1339, 1357 (9th Cir. 1983)
(a trustee is subject to personal liability for "intentional
[and] negligent violations of duties imposed upon him by law . .
. ."); *U.S. v. Aldrich (In re Rigden)*, 795 F.2d 727, 730-731
(9th Cir. 1986); *Bennett v. Williams*, 892 F.2d 822, 823 (9th
Cir. 1989); *Curry v. Castillo (In re Castillo)*, 297 F.3d 940
(9th Cir. 2002) (bankruptcy trustee is subject to personal
liability for certain types of misconduct, including
negligence); *In re WCI Cable, Inc.,* 282 B.R. 457, 479 (Bankr. D.
Or. 2002); *In re Metricom*, Inc., 275 B.R. 364 (Bankr. N.D. Cal.
2002); *In re Mortgage & Realty Trust*, 123 B.R. 626 (Bankr. C.D.
Cal. 1991). No explanation or justification is provided for
broadening the limitation of liability beyond what is recognized
in the Ninth Circuit and the Code.

D.     **Multiple Classes Of Unsecured Creditors Are Prohibited
Where The Purpose Is To Manipulate Votes.**

The NV Creditors are the sole unsecured creditors in
"Class 3", a class that is impaired and the <u>only</u> class of
creditors entitled to vote to accept or reject the Plan.
Inexplicably and illegally, the Proponents place themselves in a
class separate from other substantially similar unsecured
claims. This gerrymandering of the classes of claims guarantees
that the Proponents can manipulate the vote to ensure
confirmation of their Plan.

In *Oxford Life Ins. Co. v. Tucson Self-Storage, Inc. (In
re Tucson Self-Storage),* 166 B.R. 892 (9th Cir. BAP 1994), the
Court agreed with the "one clear rule" discussed by *Phoenix Mut.
Life Ins. Co. v. Greystone III Joint Venture (In re Greystone*

*III)*, 995 F.2d 1274, 1278 (5th Cir.1991), that a plan proponent cannot "classify similar claims differently in order to gerrymander an affirmative vote on a reorganization plan." Where a plan separately classifies similarly-situated creditor claims . . . in order to create a friendly class to vote for the plan, the "gerrymandering" of the claims constitutes lack of good faith. *In re Barakat,* 99 F.3d 1520, 1525 (9th Cir.1996).

In the Plan, the NV Creditors created three classes of general unsecured creditors, Classes 2, 3 and 4, although the claims are all unsecured creditors and have the same priority in a Chapter 7 liquidation. Class 2 was created in a way that, although composed of general unsecured claims, like those of the Proponents and Class 4, the class is unimpaired and thus not entitled to vote on the Plan. Class 3, the Proponents' class, is impaired and thus <u>can</u> vote to reject or approve the Plan, the only class to have this privilege, will undoubtedly vote to approve the Plan it is proposing. Thus, the NV Creditor's created a "friendly" class that will vote for the plan, controlled and composed solely by them. Finally, the claims of Debtor Huynh and other insider claims are in Class 4, in a subordinated class, and deemed to reject the Plan; not entitled to vote.

With careful, yet impermissible, gerrymandering of the classes of claims, the Proponents created a situation where they are the only creditors permitted to vote on the Plan. The very Plan that proposes that the Debtor's main competitor, the Proponents, takes over the Debtor's business and ousts its management.

11

Had the NV Creditors correctly classified all of the claims, Classes 2, 3 and 4 would be in one class of general unsecured creditors, seriously compromising the NV Creditor's chance of confirming their Plan, particularly if the Le Claim were allowed.  The intentional misclassification of claims described in the Plan describes a plan that is unconfirmable.

**E.    Subordination Of Debtor Huynh's Claim And Of Other Insiders Is Not Appropriate.**

The Plan provides no legal basis for the subordination of Debtor Huynh's and other insiders' claims to Class 4.  Buried in paragraph 9 of Exhibit "2" to the Disclosure Statement, the Proponents justify the subordination alleging "[t]he NV Creditors believe that a Chapter 7 Trustee would . . . subordinate these "Insider" claims . . .  Accordingly . . . these claims will be subordinated."  This discriminatory treatment of Debtor Huynh's and other insider claims is not fair and equitable because of the Proponents gerrymandering of classes in the Plan.

Equitable subordination is an unusual remedy which should be applied only in limited circumstances. *Holt v. Federal Deposit Insurance Corp. (In re CTS Truss, Inc.),* 868 F.2d 146, 148-49 (5th Cir.1989).  Equitable subordination is remedial, not penal, and should be applied only to the extent necessary to offset the specific harm that the creditors suffered on account of the inequitable conduct. *Trone v. Smith (In re Westgate-California Corp.),* 642 F.2d 1174, 1178 (9th Cir.1981).  Mere status as an insider is not sufficient grounds for

12

subordination. *Matter of Fabricators, Inc.,* 926 F.2d 1458, 1465
(5th Cir. 1991).

The purported subordination of Debtor Huynh's and other
insider unsecured claims is an unfair discrimination of similar
claims; Class 2 receives a 100% dividend on its claim, Class 3
receives 100% of the equity interests of the Reorganized Debtor
and Class 4 (subordinated) unsecured creditors receive nothing.

Discrimination between classes must satisfy four criteria
to be considered fair under 11 U.S.C. § 1129(b): (1) the
discrimination must be supported by a reasonable basis; (2) the
debtor could not confirm or consummate the Plan without the
discrimination; (3) the discrimination is proposed in good
faith; and (4) the degree of the discrimination is directly
related to the basis or rationale for the discrimination. *In re
Ambanc La Mesa Ltd. P'ship*, 115 F.3d 650, 656-57 (9th Cir. 1997)
*citing In re Wolff,* 22 B.R. 510, 511-12 (9th Cir. BAP 1982).
Moreover, separate classification for the purpose of securing an
impaired consenting class under § 1129(a)(10) is improper. *In re
Ambanc La Mesa Ltd. P'ship,* 115 F.3d 650, 656-57 (9th Cir. 1997)
*citing In re Greystone III Joint Venture,* 995 F.2d 1274, 1279
(5th Cir.1991), *cert. denied*, 506 U.S. 821, 113 S.Ct. 72, 121
L.Ed.2d 37 (1992), and *cert. denied*, 506 U.S. 822, 113 S.Ct. 72,
121 L.Ed.2d 37 (1992).  Here, the NV Creditors created Class 3,
the sole impaired consenting class of which they are the sole
creditors, this is precisely what the *Ambanc* court prohibited.

**F.   The NG Creditors' Votes Should Be Designated Under 11 U.S.C. 1126(e) As They Were Cast In Bad Faith.**

The court may designate any entity whose acceptance or rejection of such plan was not in good faith, or was not solicited or procured in good faith or in accordance with the provisions of this title. 11 U.S.C. § 1126(e).  "Designation" of a vote means that the vote is disqualified or disallowed.

Bad faith is primarily to be found in ulterior motives, and motives are deemed "ulterior" only when they are ulterior to the creditor's capacity as a creditor.  *In re Bataa/Kierland, LLC,* 476 B.R. 558, 566 (Bankr. D. Ariz. 2012).  The disqualifying "ulterior motive" exists whenever a party is motivated by interests that are not common to the class of votes that it seeks to dominate.  *Id.* at 575.

Here, the NG Creditors are voting in favor of their own Plan with the sole purpose of taking over the business and assets of their major competitor.  There is no "real" reorganization, Ms. Huynh is the Debtor's lifeblood, without her there is no The Little Saigon News Incorporated, no voice for the anti-communist movement.  The NG Creditors know that Ms. Huynh will no longer write for the Debtor, if the Plan is confirmed.  This is their ulterior motive, silence Ms. Huynh and Debtor and take over the business, equipment of their major competitor.

Likewise, the procurement of votes is permeated with bad faith, the NG Creditors created a Plan where only their votes are procured to the detriment of everyone except themselves.

14

They purposefully excluded other like claims and creditors for not good reason.

**III. <u>CONCLUSION</u>**

   **WHEREFORE,** for the reasons stated above, the Debtors respectfully requests that the Court deny confirmation of the Plan.


Dated:   January 19, 2016      PEÑA & SOMA, APC


                              By    /S/ LEONARD PEÑA
                                    LEONARD PEÑA
                                    Attorneys for Debtors and Debtors
                                    in Possession

### DECLARATION OF LEONARD PEÑA

I, Leonard Peña, declare:

1.    I am counsel for the Debtor in the above captioned case.  I have personal knowledge of the facts set forth below and, if called to testify, I would and competently testify thereto.

2.    As of the date of the signing of this declaration my firm and I have incurred approximately $200,000 in yet unpaid fees and costs in representing the Debtor in this case.

3.    I am informed and believe that the Debtor's accountant is owed approximately $32,000 in unpaid fees incurred representing the Debtor.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 19, 2016, at Pasadena, California.


_____/S/ LEONARD PEÑA_____

LEONARD PEÑA

| In re: | CHAPTER: **11** |
|--------|-----------------|
| **THE LITTLE SAIGON NEWS INCORPORATED** <br> Debtor(s). | CASE NUMBER: **8:15-bk-11875** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**PEÑA & SOMA, APC**
**402 South Marengo Ave., Suite B**
**Pasadena, CA 91101**

A true and correct copy of the foregoing document entitled (*specify*):   **OBJECTION TO PLAN**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On   **1/19/2016**  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Sandor T Boxer on behalf of Defendant Michael Nguyen**
**tedb@tedboxer.com**

**Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)**
**nancy.goldenberg@usdoj.gov**

**Ann K Johnston on behalf of Defendant Sentinel Insurance Company, LTD**
**ajohnston@bergerkahn.com, mtom@bergerkahn.com,tsmith@bergerkahn.com**

**Michael Jones on behalf of Interested Party Michael Jones**
**mike@mjthelawyer.com, michaeljonesmyecfmail@gmail.com**

**Douglas G Levin on behalf of Creditor Nguoi Viet Daily News, Inc.**
**DLevin@gibsondunn.com**

**Douglas G Levin on behalf of Creditor Dat Huy Phan**
**DLevin@gibsondunn.com**

**Douglas G Levin on behalf of Creditor Vinh Hoang**
**DLevin@gibsondunn.com**

**Tuananh Mai on behalf of Plaintiff The Little Saigon News Incorporated**
**pmai@tt-lawfirm.com**

**Craig Millet on behalf of Creditor Nguoi Viet Daily News, Inc.**
**cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com**

**Craig Millet on behalf of Creditor Dat Huy Phan**
**cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com**

**Craig Millet on behalf of Creditor Vinh Hoang**
**cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com**

**John Na on behalf of Plaintiff The Little Saigon News Incorporated**
**jna@tt-lawfirm.com**

**R G Pagter, Jr. on behalf of Creditor Marie To**
**gibson@ppilawyers.com, ecf@ppilawyers.com**

**R G Pagter, Jr. on behalf of Creditor Paul Huynh**
**gibson@ppilawyers.com, ecf@ppilawyers.com**

**Leonard Pena on behalf of Attorney Leonard Pena**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                      **9013-3.1.PROOF.SERVICE**

| In re: | | CHAPTER **11** |
|---|---|---|
| **The Little Saigon News Incorporated** | Debtor(s). | CASE NUMBER **8:15-bk-11875** |

lpena@penalaw.com, penasomaecf@gmail.com

**Leonard Pena on behalf of Debtor The Little Saigon News Incorporated**
lpena@penalaw.com, penasomaecf@gmail.com

**Leonard Pena on behalf of Debtor Brigitte Laure Huynh**
lpena@penalaw.com, penasomaecf@gmail.com

**Leonard Pena on behalf of Plaintiff The Little Saigon News Incorporated**
lpena@penalaw.com, penasomaecf@gmail.com

**Frederick S Reisz on behalf of Defendant Superior Access Insurance Services, Inc.**
reisz@mmrs-law.com, chun@mmrs-law.com,greene@mmrs-law.com

**United States Trustee (SA)**
ustpregion16.sa.ecf@usdoj.gov

**David R. Weinstein on behalf of Accountant Stephen B. Holliday**
dweinstein@weinsteinlawfirm.net

**David R. Weinstein on behalf of Interested Party David R. Weinstein**
dweinstein@weinsteinlawfirm.net

**David R. Weinstein on behalf of Interested Party Joseph Le**
dweinstein@weinsteinlawfirm.net

**David R. Weinstein on behalf of Interested Party Stephen B. Holliday**
dweinstein@weinsteinlawfirm.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On ___1/19/2016___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Judge Mark S. Wallace**
**United States Bankruptcy Court**
**411 West Fourth Street, Suite 6135 / Courtroom 6C**
**Santa Ana, CA 92701-4593**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/19/16 | Leonor Arteaga | /s/ Leonor Arteaga |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.